Holger Uhl
SHAPIRO & SUTHERLAND, LLC
7632 SW Durham Road, Suite 350
Tigard, OR 97224
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
huhl@logs.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRCT OF OREGON

THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW YORK, AS TRUSTEE FOR
THE CERTIFICATEHOLDERS OF THE CWABS,
INC., ASSET-BACKED CERTIFICATES,
SERIES 2006-22.

                    Plaintiff,

        vs.

CHARLES BARKER III; CHARLES BARKER
IV; JANICE MURDOCH HEIR OF MARY R.
DUNHAM (DECEASED) AND ELMER V.
DUNHAM(DECEASED),; KEYBANK
NATIONAL ASSOCIATION; WOODSTOCK
FINANCIAL CORPORATION; MORTGAGE
RECONSTRUCTION ASSOCIATES
CORPORATION; STATE OF OREGON;
MCEWEN GISVOLD LLP; GREENBROOK
CONDOMINIUM OWNERS ASSOCIATION;
ARTHUR J. JONES; BETTY K. JONES;
LIBERTY ACQUISITIONS SERVICING, LLC;
PARTIES IN POSSESSION.

                    Defendants.

Case No. 3:16-cv-01100-KI

**THE BANK OF NEW YORK
MELLON FKA THE BANK OF NEW
YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2006-22's
MOTION FOR REMAND**

*ORAL ARGUMENT REQUESTED*

1 – Motion for Remand

*SHAPIRO & SUTHERLAND, LLC*
7632 SW Durham Road, Suite 350, Tigard, OR 97224
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com

## I. CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7-1(a), counsel for Plaintiff THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22 ("BNYM as Trustee"), conferred with Charles Barker III, but were unable to reach an agreement to remand the matter.

## II. MOTION

BNYM as Trustee, pursuant to 28 U.S.C. §§1441 (a), 1441 (b), 1446, 1447, hereby moves this Court for an Order directing that the action removed to this Court in the case of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22 *v. CHARLES BARKER III, et al.,* and filed in the Circuit Court for the State of Oregon, for the County of Multnomah as Case No. 16CV07951, be remanded back to Multnomah County Circuit Court.

BNYM as Trustee, pursuant to 28 U.S.C. § 1447(c), further moves that this Court enter an order of remand that includes an order directing Plaintiff to pay costs and fees incurred by Defendant in connection with this Motion.

This action was incorrectly removed by Charles Barker III ("Barker") on June 17, 2016. (Docket No. 1.) This Court lacks subject matter jurisdiction because (1) Barker is an Oregon resident and is not entitled to removal under the "Forum Defendant" Rule, and (2) Barker has failed to comply with the procedural requirements for removal. This motion is supported by the

*SHAPIRO & SUTHERLAND, LLC*
7632 SW Durham Road, Suite 350, Tigard, OR 97224
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com

Declaration of Holger Uhl and Exhibits ("Uhl Dec."), the Court's record; the pleadings and documents in the underlying action Barker removed (which Barker failed to include in his Notice of Removal as required under 28 U.S.C §1446 (b)(1)); and the following points and authorities.

## II. FACTUAL BACKGROUND
### III.

On March 11, 2016, Plaintiff BNYM as Trustee filed the above referenced judicial foreclosure complaint in Multnomah County Circuit Court (Uhl Dec., Exhibit A., Court Docket). The property at issue in the foreclosure complaint is commonly known as 1548 SE 30th Avenue, Portland, OR 97214 (the "Property"). (*Id.*) Barker is residents of the State of Oregon, where the foreclosure complaint was originally filed. On April 1, 2016 Barker filed his motion to dismiss, to which Plaintiff responded April 4, 2016. (Docket No. 1, Notice of Removal, Exhibit 4; Uhl Dec., Exhibit B.).

The motion was heard on June 16, 2016. (Uhl Dec., Exhibit A.). The court denied the motion after argument by both parties and requested that counsel for Plaintiff prepare a written order to that effect.

Barker filed his Notice of Removal based on Federal Question Jurisdiction. (Docket No.1.) Barker's filed a Notice of Removal of the judicial foreclosure action in Multnomah County Circuit Court, incorrectly attached a copy of an Answer, Counter and Cross claim that has not been filed in the state court action. (Docket No. 1, Notice of Removal, Exhibit 2; Uhl Dec., Exhibit A). His cover sheet also incorrectly identifies the nature of the suit as "All other Real Property" and not as "Foreclosure." His description alleges violations by the Plaintiff of the

SHAPIRO & SUTHERLAND, LLC
7632 SW Durham Road, Suite 350, Tigard, OR 97224
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com

FDCPA, Fraud, "Unfair Banking Practices," and he cites 15 U.S.C. §1640, 15 U.S.C. § 1692, 18 U.S.C. § 1961, 28 U.S.C. § 1367 as the federal authority under which he filed.

Therefore, this Court lacks original subject matter jurisdiction over BNYM as Trustee's claims and must remand the action to the Multnomah County Circuit Court pursuant to 28 U.S.C. §1447(c).

## IV. POINTS AND AUTHORITIES

### A. Applicable Standard

Any civil action brought in a state court of which a federal district court would have original jurisdiction may be removed by the defendant or defendants to the federal court of the district and division where such action is pending. 28 U.S.C. § 1441(a). The federal district courts do have original subject matter jurisdiction over claims that arise under federal law. 28 U.S.C. § 1331., *King v. Aventis Pasteur, Inc.,* 210 F. Supp. 2d 1201, 1205, 2002 U.S. Dist. LEXIS 12821, *6 (D. Or. 2002). Additionally, the district court also has original jurisdiction over cases involving citizens of different states, i.e. diversity jurisdiction. 28 U.S.C. § 1332.

However, the removal statute, 28 U.S.C. §1441, et seq., is also strictly construed against removal. *O'Halloran v. Univ. of Washington,* 856 F.2d. 1375, 1380 (9th Cir. 1988) (reversing District Court's denial of motion to remand); *Hendricksen v. Xerox Corp.,* 751 F.Supp. 175, 176 (D. Or. 1990). "Removal jurisdiction ousts state-court jurisdiction and must be rejected if there is any doubt as to the right of removal in the first instance. This gives rise to a 'strong presumption against removal jurisdiction, [which], means that defendant always has the burden of establishing

*SHAPIRO & SUTHERLAND, LLC*
7632 SW Durham Road, Suite 350, Tigard, OR 97224
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com

that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992.).

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case "shall be remanded.". 28 U.S.C. § 1447(c). A matter can be remanded back to state court also if the removal procedures were not followed properly. Further, if the motion for remand is based on a lack of subject-matter jurisdiction, the Court may remand at any time. *Wisconsin Dep't of Corrections v. Schacht*, 524 US 381, 392 (1998). A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the notice of removal is filed. *See* 28 U.S.C. 1447(c). A 'defect' refers to "a failure to comply with the statutory requirements for removal as provided in 28 U.S.C. §§ 1441-1453." *See Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009).

As discussed below the case being removed does not involve federal questions, nor does complete diversity exist. Therefore there is not original jurisdiction for the district court.

## C. The State Court Action Does Not Raise Federal Questions And Remand Is Therefore Proper.

A review of the Amended Complaint, which Defendant Barker attached to the Notice of Removal as Exhibit 1 shows that the action being removed is a state foreclosure action and does not involve any federal questions. (Docket No. 1, Exhibit 1.). Oregon foreclosure actions are governed by ORS 88.010.[1] Defendant's argument that the state court action should be dismissed because the case is subject to federal jurisdiction was already rejected by the state. He also

*SHAPIRO & SUTHERLAND, LLC*
7632 SW Durham Road, Suite 350, Tigard, OR 97224
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com

never filed any answer in state court that raise any of the supposed federal questions he references in his cover sheet. (Uhl, Decl., Exhibit A).

However, even filing an answer which raises federal question is not sufficient to turn a state law action into an action involving federal questions. "A defense that raises a federal question is inadequate to confer federal jurisdiction." *King v. Aventis Pasteur, Inc.*, 210 F. Supp. 2d 1201, 1206, 2002 U.S. Dist. LEXIS 12821, \*10-11 (D. Or. 2002*), citing Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986). Removal jurisdiction must stem from the original complaint under the "well plead complaint" rule. The federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Bergen v. Tualatin Hills Swim Club, Inc.*, 2016 U.S. Dist. LEXIS 34343, \*4-5 (D. Or. Mar. 16, 2016), *quoting California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.). This means that, even if the defendant intends to present a defense that invokes federal law, such defense "does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. " *Albin v. Qwest Communs. Corp.*, 194 F. Supp. 2d 1138, 1141, 2001 U.S. Dist. LEXIS 22744, \*4-5, 27 Employee Benefits Cas. (BNA) 1652 (D. Or. 2001), *quoting Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 95 L. Ed. 2d 55, 107 S. Ct. 1542 (1987).

///

///

---

[1] ORS **88.010 Foreclosure of lien by suit.** (1) Except as otherwise provided by law, a lien upon real or personal property, other than that of a judgment, whether created by mortgage or otherwise, must be foreclosed, and the property adjudged to be sold to satisfy the debt the lien secures, by bringing suit. ...

6 – Motion for Remand

*SHAPIRO & SUTHERLAND, LLC*
7632 SW Durham Road, Suite 350, Tigard, OR 97224
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com

## C. There Is Also No Diversity Jurisdiction

Defendant Barker may want to raise diversity jurisdiction as an alternative basis for removal. However, 28 U.S.C §1441 (b)(2) clearly states that an action is not removable if the action was originally brought in the forum state where one or more of the defendants reside. This is known as the "Forum Defendant" rule. Defendant Barker is a citizen of Oregon, the forum state where the action was commenced. (Docket No. 1). A civil action that is otherwise removable on the basis of diversity of citizenship may not be removed if any of the defendants is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b)(2),*Homesales Inc. v. Greene*, 2010 U.S. Dist. LEXIS 145698, *3, 2010 WL 1630469 (D. Or. Mar. 25, 2010). Thus there is no original jurisdiction under diversity jurisdiction either.

## D. Barker's Notice of Removal Is Procedurally Defective

In addition to the lack of subject matter jurisdiction for removal, Barker's Notice of Removal is also procedurally deficient for which remand is proper as an independent basis. Pursuant to 28 U.S.C. §1446(a) all pleadings filed in the underlying state court action need be attached to the Notice of Removal. Barker failed to attach Plaintiff's response to his motion to dismiss and other pleadings filed in the action. (Uhl Decl., Exhibit A). Additionally, he falsely indicated that the action being removed is an action other than a foreclosure matter. A party seeking to remove a matter to federal court is subject to remand if the removal does not follow proper statutory procedures. *Kamm*, 568 F.3d at 755 (9th Cir. 2009). Because Barker has failed to adhere to the procedural requirements for removal, this matter should be remanded to state court.

///

*SHAPIRO & SUTHERLAND, LLC*
7632 SW Durham Road, Suite 350, Tigard, OR 97224
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com

**E. BNYM as Trustee Is Entitled To Its Reasonable Attorney Fees And Costs**

An order remanding the case my require payment of just costs and actual expenses including attorney fees incurred as a result of removal. 28 U.S.C. §1447(c); *Groto v. R&B Realty Group*, 69 F.3d 1485, 1488 (9th Cir 1995) (district court has discretion to award fees and costs).

BNYM as Trustee should be awarded its reasonable attorney fees and costs incurred as a result of Barker's filing its Notice of Removal. On the face of BNYM as Trustee's Circuit Court Complaint, it is clear that this is a state law foreclosure action, and that he is barred from removing. Mr. Barker is not an attorney, but he is familiar with court procedures in federal and state court as a frequent filer. He is also aware of the requirements for removal because of previous attempts to remove state court actions to federal court. There being no objectively reasonable basis for removal, the Court should exercise its discretion and award BNYM as Trustee its attorney fees under §1447(c).

///

///

///

///

///

///

///

///

///

8 – Motion for Remand

*SHAPIRO & SUTHERLAND, LLC*
7632 SW Durham Road, Suite 350, Tigard, OR 97224
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com

## V. CONCLUSION

For the reasons stated herein, BNYM as Trustee respectfully requests that this Court enter an

Order remanding to state court the case of *BNYM as Trustee v. Dunham, et al.* filed in the Circuit

Court for the State of Oregon for the County of Multnomah, as Case No. 15CV07951, and award

BNYM as Trustee its reasonable attorney fees and costs in filing this Motion.

Respectfully Submitted.

Dated: June 24, 2016

SHAPIRO & SUTHERLAND, LLC

/s/ Holger Uhl

By:_____

Holger Uhl #950143 [huhl@logs.com]

9 – Motion for Remand

Holger Uhl
SHAPIRO & SUTHERLAND, LLC
7632 SW Durham Road, Suite 350
Tigard, OR 97224
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
huhl@logs.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRCT OF OREGON

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22. | Case No. 3:16-cv-01100-KI |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| CHARLES BARKER III; CHARLES BARKER IV; JANICE MURDOCH HEIR OF MARY R. DUNHAM (DECEASED) AND ELMER V. DUNHAM(DECEASED),; KEYBANK NATIONAL ASSOCIATION; WOODSTOCK FINANCIAL CORPORATION; MORTGAGE RECONSTRUCTION ASSOCIATES CORPORATION; STATE OF OREGON; MCEWEN GISVOLD LLP; GREENBROOK CONDOMINIUM OWNERS ASSOCIATION; ARTHUR J. JONES; BETTY K. JONES; LIBERTY ACQUISITIONS SERVICING, LLC; PARTIES IN POSSESSION. | |
| Defendants. | |

I certify that on __June 24th__, 2016, I served a correct copy of The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-22, to the interested parties by the method indicated below:

1 – CERTIFICATE OF SERVICE

Parties in Possession
1548 SE 30th Ave
Portland, OR 97214

_X_ U. S. Mail, Postage Prepaid
___ Personal Delivery
___ Overnight Mail
___ Via Facsimile
___ Via Email

Charles Barker, III
1548 SE 30th Avenue
Portland, OR 97214

_X_ U. S. Mail, Postage Prepaid
___ Personal Delivery
___ Overnight Mail
___ Via Facsimile
___ Via Email

Janice Murdoch
8320 NE Sandy Blvd
Portland, OR 97220

_X_ U. S. Mail, Postage Prepaid
___ Personal Delivery
___ Overnight Mail
___ Via Facsimile
___ Via Email

Betty K. Jones
5459 SE Bantam Court
Portland, OR 97267

_X_ U. S. Mail, Postage Prepaid
___ Personal Delivery
___ Overnight Mail
___ Via Facsimile
___ Via Email

Arthur J. Jones
5459 SE Bantam Court
Portland, OR 97267

_X_ U. S. Mail, Postage Prepaid
___ Personal Delivery
___ Overnight Mail
___ Via Facsimile
___ Via Email

KeyBank National Association
c/o: Corporate Officer or Director
1211 SW 5th Ave
Portland, OR 97204

_X_ U. S. Mail, Postage Prepaid
___ Personal Delivery
___ Overnight Mail
___ Via Facsimile
___ Via Email

McEwen Gisvold LLP
c/o Registered Agent
1100 SW 6th Street, Suite 1600
Portland, OR 97204

_X_ U. S. Mail, Postage Prepaid
___ Personal Delivery
___ Overnight Mail
___ Via Facsimile

2 – CERTIFICATE OF SERVICE

*SHAPIRO & SUTHERLAND, LLC*
7632 SW Durham Road, Suite 350, Tigard, OR 97224
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com

Greenbrook Condominium Owners Association
R/A: Denise Bower
2105 S.E. 9th Ave
Portland, OR 97214

X U. S. Mail, Postage Prepaid
___Personal Delivery
___Overnight Mail
___Via Facsimile
___Via Email

Liberty Acquisitions Servicing, LLC
R/A: Corporation Service Company
1127 Broadway Street NE #310
Salem, OR 97301

X U. S. Mail, Postage Prepaid
___Personal Delivery
___Overnight Mail
___Via Facsimile
___Via Email

Charles Barker, IV a/k/a Charles Winston Barker
1548 SE 30th Avenue
Portland, OR 97214

X U. S. Mail, Postage Prepaid
___Personal Delivery
___Overnight Mail
___Via Facsimile
___Via Email

State of Oregon
c/o Cheryl Faye Hiemstra, Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

X U. S. Mail, Postage Prepaid
___Personal Delivery
___Overnight Mail
___Via Facsimile
___Via Email
cheryl.hiemstra@doj.state.or.us

Estate of Mary R. Dunham
1548 SE 30th Ave
Portland, OR 97207

X U. S. Mail, Postage Prepaid
___Personal Delivery
___Overnight Mail
___Via Facsimile
___Via Email

Woodstock Financial Corporation
R/A: Charles Barker
4110 SE Hawthorne Blvd #266
Portland, OR 97214

X U. S. Mail, Postage Prepaid
___Personal Delivery
___Overnight Mail
___Via Facsimile
___Via Email

3 - CERTIFICATE OF SERVICE

*SHAPIRO & SUTHERLAND, LLC*
7632 SW Durham Road, Suite 350, Tigard, OR 97224
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com

Woodstock Financial Corporation
4110 SE Hawthorne Blvd #266
Portland, OR 97214

$\times$ U. S. Mail, Postage Prepaid
___ Personal Delivery
___ Overnight Mail
___ Via Facsimile
___ Via Email

Mortgage Reconstruction Associates Corporation
R/A: Chuck Barker
4110 SE Hawthorne Blvd #266
Portland, OR 97214

$\times$ U. S. Mail, Postage Prepaid
___ Personal Delivery
___ Overnight Mail
___ Via Facsimile
___ Via Email

Mortgage Reconstruction Associates Corporation
4110 SE Hawthorne Blvd #266
Portland, OR 97214

$\times$ U. S. Mail, Postage Prepaid
___ Personal Delivery
___ Overnight Mail
___ Via Facsimile
___ Via Email

_____
Of the Firm
SHAPIRO & SUTHERLAND, LLC

4 – CERTIFICATE OF SERVICE

*SHAPIRO & SUTHERLAND, LLC*
7632 SW Durham Road, Suite 350, Tigard, OR 97224
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com