Charles Barker III
Defendant in Pro Se
1548 SE 30th Avenue
Portland, Oregon 97214
mortgagerecon@gmail.com
Tel: 503-860-3633

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22 <br><br> Plaintiff <br><br> v. <br><br> CHARLES BARKER III, et al <br><br> Defendants <br><br> v. <br><br> The BANK OF NEW YORK MELLON, The BANK OF AMERICA, N.A., RECONTRUST COMPANY, COUNTRYWIDE MORTGAGE, UNKNOWN SUCCESSOR TO COUNTRYWIDE MORTGAGE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (aka MERS), The FEDERAL RESERVE BANK, The FEDERAL DEPOSIT INSURANCE CORP (aka FDIC), THE UNITED STATES DEPARTMENT OF THE TREASURY, FIDELITY TITLE COMPANY, The LAW OFFICES OF SHAPIRO & SUTHERLAND, and     Roes 1-20 <br><br> Cross-Defendants | CIVIL CASE NO. **3:16-CV-1100-MO** <br><br><br> DEFENDANT'S OPPOSITION TO CROSS-DEFENDANT SHAPIRO & SUTHERLAND'S MOTION TO DISMISS |

Comes Now Defendant and Cross-Claimant CHARLES BARKER III and files this

Opposition to Cross-Defendants Shapiro & Sutherland and it's attorneys including, but not

limited to, Holger Uhl, Motion to Dismiss/Strike the Cross Complaint as against themselves.

As Defendant appears pro se, the terms "I", "me", "my", "mine", and "defendant" are used interchangeably throughout this Opposition, for brevity, readability, and clarity purposes, as best comports to the context.

## INTRODUCTION

Plaintiff Bank of New York Mellon (herein, "BNYM") attorneys, "The Law Offices of Shapiro & Sutherland (herein, "S&S") and their individual attorney Holger Uhl (herein, "Uhl") filed a motion to dismiss or to strike the cross complaint against themselves.

This motion must be denied, as the actions and written documents – including emails, letters and pleadings filed with this Court - of S&S and Uhl have transcended their mere representation of their client BNYM, and escalated to S&S and Uhls's involvement as a complicit party to the wrongdoings and fraud as are set forth in the Cross-Complaint, as well as for reasons as further set forth herein.

Addressing the motion of S&S and Uhl in the order and headings as set fort in their motion:

I. Certificate of Compliance

Consistent with their (BNYM, S&S and Uhl) historical proclivity to fail to adhere to Local Rule 7-1(a)[1], and specifically contrary to what Mr. Uhl asserts, Holger Uhl and S&S made *no attempt whatsoever* to confer on July 14, 2016. As evidenced by the attached email, the only email that I received on that date (or even reviewing several days prior to and after that date) was the attached email, which contains *not a single word* about any conferral regarding a

---

[1] Judicial Notice is requested – as these are in this Court record - of the plaintiff BNYM and their attorneys S&S and Uhl refusing to comply wit LR 7-1(a) to **confer**, and substituting instead their attempts to threaten and intimidate the pro se defendant herein; by no stretch of interpretative latitude of the definition of "confer" could those demand letters (e.g. badgering and threats of repercussions if the removal to federal court was not immediately withdrawn) be construed as any form of "conferral".

motion to dismiss or a motion to strike as against S&S and Uhl. Instead, that two-line email refers back to earlier correspondence which addressed solely the motion to remand, an entirely separate motion that was then contemplated, and later filed, by BNYM.

Only on August 1, 2016, does Uhl send an email stating "On July 14, 2016 I requested that you voluntarily dismiss your complaint at least as to Law Offices of Shapiro & Sutherland and myself [Uhl] or provide authority why your filing is not frivolous."

As clearly evidenced by the very July 14 email to which Uhl refers, no such request for dismissal "at least as to S&S and Uhl" was made in that July 14 email – much less was any 'conferral' proferred by S&S and Uhl.

**This alone <u>requires</u> that S&S and Uhl's motion to strike/dismiss be denied, for failure to follow the very clear and specific rules of this Court, in LR 7-1(a).**

It is long past time for this Court to recognize false statements, misrepresentations and blatant perjury that is profligate in both BNYM, S&S and Uhl's practice of law and their conduct of litigation. When so blatant a falsity is set forth by them, they must be held accountable for same, and sanctions levied. These must be in a dollar amount which is of sufficient consequence to discourage the repeat behavior of same. As I have earlier disclosed, BNYM is a banking institution with in excess of $13,000,000,000,000 (that is *trillion*) of assets under their administration, by their own required regulatory financial disclosures. S&S is a law firm that focuses its practice on foreclosing on and taking people's homes from them; this has proven, and continues, to be profoundly financially lucrative for them (if this is at all doubted by the Court, require that S&S produce their earnings statements). Consequently, the sanctions awarded must be in an amount to have some fiscal noticeability and impact, and thus cannot be less than $25,000.

II. Motion

The legal bases and legal merit are plainly evident in the Counterclaims and Cross Complaint; whether or not BNYM and S&S wish to acknowledge same or have these made known to the public or not. Even to a casual observer of the long history of this case – beginning over five years ago with my filing of the action against BNYM, presently in the Ninth Circuit Court of Appeals – it is plainly and repetitively obvious that BNYM and their attorneys desperately seek to have this case and that related case dismissed before they are required to produce the actual documents at issue and before their bank employees and the persons supposedly signing the affidavits can be personally questioned in sworn testimony as to the veracity of the very documents upon which they attempt to rely. Mr. Uhl makes the statement that "it [the Counterclaims and Cross Complaint] is only interposed for the purposes of delay"; quite the opposite is the truth: while I have incessantly pressed for these cases to move forward with the commencement of discovery and preparation for trial, BNYM and their attorneys (and all the other related financial institutions and their associates) invariably move for "dismissal", when there are clearly issues of material fact and law in dispute. All this does is interminably delay the hearing and fully-informed court ruling on the matters of this controversy. But it is the *bank and their attorneys that make these motions* that cause this repetitive delay, not myself, as falsely stated by Uhl.

Uhl makes the statement I seek to "reargue issues already heard...". This is the entire crux of necessity of denying these repeated motions to dismiss by BNYM and their attorneys: the matters of this issue have <u>never</u> been heard, not a single hearing has ever been conducted by this Court. I have <u>never</u> had the opportunity to depose the bank staff and 'witnesses' who supposedly handled the defective documents at issue, and who attested to their "accuracy",

much less have I had the opportunity to examined them under oath in court. The banks have never been required to produce so much as a single page of documentary evidence that they have standing to appear as a claimant plaintiff, and have never produced any documentary evidence that the alleged transfers of ownership of my loan are legitimate, properly and fully completed. legal, or are not fraudulent. This has constituted an abridging of my civil rights as set forth in the Fourteenth Amendment to the U.S. Constitution, an occurrence which cannot be allowed, tolerated or abided by his Court.

II. Factual Background

Uhl recites the date of his filing the state court case, the notice of removal and the motion to dismiss that case in state court. What Uhl fails to include in his recital of the facts is his own written acknowledgment that he knowingly filed the state court case when he was fully informed that there was an existing ongoing case already in federal court addressing:

- the same Note

- the same Deed of Trust

- the same property: 1548 SE 30th Avenue, Portland, Oregon

- the same bank: Bank of New York Mellon (as well as other financial institutions that are inextricably involved in this loan)

- the same property owner: myself, Charles Barker III

- the same issues of incomplete and fraudulent loan transfers

- the same issues of inequitable and general unfairness

Egregiously compounding this, S&S <u>falsely represented</u> to the state court that "No Other suit or action has been instituted or is now pending upon the Note", in their original complaint filed on March 11, 2016, signed by S&S attorney Joshua Orem, hoping that the state court

would thus be uninformed that there was already a case long pending in federal court. Only after I brought this false representation to the attention of the state court, did S&S hastily change it, on March 31, 2016.  Proofs of the foregoing are attached as exhibits hereto.

But, they filed the state court case anyway, likely because they were frustrated with my persistent raising of the substantial issues surrounding this loan, and their desire to attempt to foreclose and improperly abscond with my cash down payment and cash investments in this property, which exceed $75,000.00.

III. Points and Authorities

A. Standard of Review: Examining the citations employed by Mr. Uhl, FRCP 12(f): the counterclaims and cross-complaint against S&S and Uhl are not in any way "redundant"; indeed, my recent filing of the Answer, Counterclaims and Cross-Complaint is the very <u>first</u> that these have been raised against S&S and Uhl, even in the long five+ year history of the related Barker v. BNYM et al case.

The issues raised could not be construed as remotely "immaterial", as they speak to the core of standing of BNYM, the falsity of the very documents upon which they rely to attempt to assert any interest in my property (much less to attempt to foreclosue), and the actions and writings of S&S and Uhl.

While the exposing of the defects in BNYM's validity of standing and the defects and fraudulent history of the documents upon which they rely are undoubtedly profoundly disturbing and scary to BNYM and all banks and their law firms who have been involved with collateralized debt obligations, securitized mortgages and their precipitation of the mortgage crisis, the raising of these issues is indeed uncomfortable for them, but cannot be construed as "impertinent".

And merely because the actions of these banks and their predecessors, agents and attorneys is indeed scandalous, it is profoundly important that the public be informed of the pervasive extent of their scandalous actions, and is foundation for these to be fully examined by this Court, as opposed to suppressed, hidden and "stricken".

Mr. Uhl cites that "a court must view the pleading under attack in the light most favorable to the pleader", yet he apparently fails to discern the contradiction in his own citation: the pleading being attacked is my inclusion of S&S and Uhl as defendants; the attack of that pleading herein is made by S&S and Uhl; therefore, their entire attack and attempt to dismiss/strike my pleading **must** defer to the most favorable view of myself, the pleader. Moreover, this yet this is profoundly supported by the widely cited ad relied upon doctrine that a motion to dismiss must be viewed in the light most favorable to the non-moving party. **Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party**. American Family Ass'n, Inc. V. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).  In the instant case, I am is the nonmoving party in the instant S&S/Uhl moion to dismiss, and the my allegations of facts not only must be taken as true, but sufficient foundations on which very real issues of fact and law are already demonstrably in evidence.  Moreover, even a cursory test of construal in the light most favorable to the nonmoving party renders appropriate a denial of this motion to dismiss.

In citing *Ashcroft v. Iqbal*, it is irrefutable that my Counterclaims and Cross-Complaint "contain factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  From the absence of BNYM's proving standing as a real-party-in-interest, to the absence of being able to produce any evidence of financial harm having been suffered by BNYM such as could give rise to any claim for money or taking

possession of property (BNYM has paid zero dollars to acquire our loan, and thus can allege no financial injury), to the defects in the BNYM "assignments" and failure to complete the required documentation of the loan transfers which have been exposed by the FDIC (see in re FDIC v. BNYM) [2], it is unquestionable that reasonable inference can be drawn of the alleged misconduct by BNYM, their attorneys and complicit cohorts in the mortgage assignment and foreclosure scheme.

      B. b. Facts sufficient for liability on part of S&S and Uhl / "Litigation Privilege": Mr. Uhl (and presumably the law firm under which he practices, S&S) pretends that "absolute immunity for conduct and statements made in connection with judicial and quasi-judicial proceedings" is an "absolute privilege" which confers upon him and his firm a license to engage in unethical practices of law, and to engage in any disdainful conduct, with no limitation as to how heinous, illegal or fraudulent it may be, and with abject disregard for the truth or falsity of all statements hey choose to make.  No rational court or reading of the cases Uhl cites results in the empirical license to engage in such unbridled outrageous conduct or to make such false statements as Mr. Uhl attempts to maintain.

      The fact remains: BNYM, S&S and Uhl filed a new case when an extant case was active involving the same Note, same Deed of Trust, same property, same parties, when they were frustrated with the prospects of being deemed to have no standing, and being subject to federal consumer protection laws and regulatory examination in the federal court.  Moreover, S&S and

---

[2] FDIC (Federal Deposit Insurance Corp) has an active case filed against the Bank of New York Mellon (BNYM), in the U.S. District Court for the Southern District of New York, Case No. 15-CV-06560, which has relevance, applicability and superceding governance over all BNYM loans, including the loan which is the subject of the instant controversy (1548 SE 30th Avenue, Portland, Oregon), that were originated by Countrywide Mortgage and later held, serviced or administered by the Bank of New York Mellon (BNYM) and/or BNYM as trustee for mortgage-backed asset certificates.

Uhl fabricate false statements and make unsupported assertions (e.g. that they are the beneficiary or owner of our loan, that they have any standing as a real-party-in-interest, that they have suffered "financial harm") throughout their pleadings, then refuse to produce evidentiary documents such as would affirm or refute the various assertions of the respective parties before this Court.

For their participation as not only counsel for BNYM, but S&S and Uhl's direct participation as an agent for BNYM, perpetration of the fraud, and perjury before this Court, their actions and statements are not merely not "absolutely privileged" but, quite the contrary, they require redress and the imposition of sanctions for their behaviors and written emails and pleadings.

b. Defendant's Counterclaim and Cross Complaint sets forth with specificity the factual allegations and elements of fraud which met the requisite pleading requirements for fraud.

Defendant has challenged the veracity and even the existence of documents which would verify – or refute – that the loan transfers were properly made. Based upon the discovery by the FDIC that the majority of these Countrywide loans were defectively transferred – thus nullifying the transfer – the preponderance of evidence currently before this Court weighs in that my allegations are the correct facts, and that those of BNYM are false.

The documents that BNYM and S&S have thus far produced provide no documentary evidence that supports their assertion that they are the beneficiary or owner of our loan, despite my demand that they do so.

No documents have been produced which evidence that BNYM has any standing as a real-party-in-interest.

No documents have been produced which evidence that BNYM, that they have suffered "financial harm".

The particularity requirements necessary to support the claim of fraud are well satisfied.

S&S, Holger Uhl and each attorney *whose name that S&S affixed to their complaint* are the only named attorneys as defendants.  There are may be many more attorneys in this firm (Uhl asserts that "all attorneys in the firm" were named, but I believe this is a [another] false statement by Uhl, as there appear to be other attorneys in S&S besides the ones named as defendants[3] – the very same attorneys named by themselves in their complaint:

Holger Uhl, OSB #950143
Kelly D. Sutherland, OSB #873575
James A. Craft, OSB #090146
Cara J. Richter, OSB #094855
Adam R. Hollar, OSB #093870
Joshua R. Orem, OSB #116872

Uhl goes on to state that "It is an indication of the irresponsibility and frivolousness of the allegations that Barker not only names the firm and the attorney signing the pleadings, but all attorneys in the firm, regardless of whether or not they participate in this action."  Perhaps Uhl fails to recognize the oxymoronic nature of his allegations (much less his defamatory and condescending allegation, at that):  *the only attorneys named as defendants were the ones that the law firm of Shapiro & Sutherland affixed to their own complaint*.  This complaint has a wholly illegible scratch on the signature line, and the box next to Joshua R. Orem, OSB #116872 checked, as well as each of the attorneys listed above. (see Complaint attached exhibit).

---

[3] The Court may be able confirm this more readily than defendant, as the Oregon State Bar does not list attorneys by firm (only by personal name & bar #); thus defendant has no way to look up names of persons as yet unknown that may be employed by a particular law firm

It is a conundrum that borders on the bizarre that Uhl would make a statement such as he does at the bottom of Page 6 of his motion: "Mr. Barker was not ignorant of that fact; he simply chooses to defame anyone that stands in the way of his personal vendettas."

The crux of the necessity of denial of Uhl's motion herein is not merely Uhl's own ignorance, but his *knowing* and thus intentional misrepresentation of the falsity to the state court that there was "no other suit or action now pending upon the Note", when he had acknowledged in writing in his email that he was informed of the federal case, involving the same Note, the same Deed of Tust, the same property, the same parties BNYM and Charles Barker III. Indeed, Mr. Uhl even *appeared* in that federal case himself, when he was with the law firm of McCarthy & Holthus, representing one of the other of the multiple defendats in that case.

Moreover, Uhl attempts to not merely defame myself and many other homeowners in foreclosure cases, but also to attempts to take personal property (cash down payments) from myself and other Oregon and Washington homeowners; whether or not this is his "personal vendetta", or whether Uhl blithely chooses to ignore the improperly documented and fraudulent nature of the claims made by banks and financial institutions he chooses to represent as clients, who claim to be the owners of our home loans, but then elude all attempts to verify same via actual documents and evidence, I cannot presume to know.  At the very least, as S&S' own website discloses, their practice is focused on foreclosures, bankruptcies and evictions, as such, their 'vendetta', even if they may view it as merely a 'professional' one, against persons of economic disadvantage, is clearly prominent.

For the record, if I have a personal agenda, it is that these financial institutions be held to an adequate standard of documentary and evidentiary proving of the spurious, oft-false and

fraudulent claims they make as to ownership of home loans, the chains of alleged transfers, and that I, and other homeowners faced with this same situation nationwide, be granted the constitutional civil rights that are due to us under the Fourteenth Amendment.  To date, I have been denied those rights, and any abortive granting of a motion prior to discovery and full court hearing and examination of witnesses under oath would perpetuate a denial of that foundational right.

## SANCTIONS ARE WARRANTED AND REQUESTED

In order to adequately redress and discourage plaintiff and their attorneys from repeat behavior of attempting to file a state court action while a superseding federal case was known by them to have been filed and in active litigation, as well as attempting to elude federal court scrutiny and federal consumer protection laws, sanctions are warranted and requested to be ordered against BNYM, their officers, the law firm of Shapiro & Sutherland, and the individual S&S attorneys listed on this case, in a dollar amount to by determined by the court, consistent with the financial stature of BNYM, its officers and attorneys.

## PRAYER FOR AN ORDER

For all the foregoing reasons, including movant's threshold failure to confer, S&S's motion to dismiss themselves and those individual attorneys that they themselves included on their original, as well as amended, complaint, must be denied, and an Order issued that this case proceed under the jurisdiction of the United States District Court, District of Oregon, Portland Division, and that sanctions be levied against plaintiff and their attorneys for filing a new action in a state court when a federal case covering the same issues of controversy was extant and

active, as well as improperly attempting to prevent this pro se homeowner defendant from raising legitimate defenses and counter-claims in federal court based on federal consumer protection laws.

Respectfully Submitted,

September 8, 2016

_/Charles Barker III/_____

Charles Barker III, Defendant in Pro Se

Charles Barker III
Defendant in Pro Se
1548 SE 30th Avenue
Portland, Oregon 97214
motgagerecon@gmail.com
Tel: 503-860-3633

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| BANK OF NEW YORK MELLON, trustee ) | |
| ) | **CASE NO. 3:16-CV-1100-MO** |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | CERTIFICATE OF SERVICE |
| CHARLES BARKER III, et al ) | |
| ) | |
| Defendants ) | |
| v. ) | |
| ) | |
| The BANK OF NEW YORK MELLON, et al ) | |
| ) | |
| Cross-Defendants ) | |

    I hereby certify that I served a true copy of the Opposition to Shapiro & Sutherland, Holger Uhl and their attorneys Motion to Dismiss was served on upon the plaintiffs and/or their attorneys via U.S. mail and/or electronic mail service directly and to their attorneys of record on September 8, 2016:

| | | |
|---|---|---|
| Shapiro & Sutherland | Kilmer, Voorhes & Laurick | Bank of New York Mellon |
| 1499 SE Tech Center Place Suite 255 | 732 NW 19th Avenue Portland, OR 97209 | 225 Liberty Street Manhattan, New York 10281 |
| Vancouver, Washington 98683 | | |

                                                __s/*Charles Barker III*_____

Dated: September 8, 2016                    Charles Barker III
                                                          Defendant in Pro Se