IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BANK OF NEW YORK MELLON**,

No. 3:16-cv-01100-MO

Plaintiff,

OPINION AND ORDER

v.

**CHARLES BARKER, III, et al.**,

Defendants.

**MOSMAN, J.**,

This case is at heart a foreclosure action originally brought by Plaintiff Bank of New

York Mellon (the "Bank") against Defendants in Multnomah County Circuit Court.  On June 17,

2016, Defendants filed a Notice of Removal [1], removing this case from Multnomah County

Circuit Court to the District Court of Oregon.  Defendants subsequently filed an Answer,

Counter Claims, and a Cross-Complaint against the Bank and a number of new third-party

defendants [6].  The Bank subsequently filed a Motion for Remand [9], which I granted on

September 12, 2016 [45].  Third-Party Defendant Federal Deposit Insurance Corporation

("FDIC") filed a Motion for Reconsideration [48] of my Order of Remand [45] on the grounds

that I have federal-question jurisdiction over this lawsuit because FDIC is a federal agency.

Third-Party Defendants Federal Reserve Bank of New York and Federal Reserve Bank of San

Francisco joined the motion [50, 51].  I granted the Motions for Reconsideration [54].

Upon further review, I have determined that I do not have diversity or federal question

jurisdiction over this action.  Therefore, Plaintiff's Motion to Remand to State Court [9] is
GRANTED.

## ANALYSIS

A defendant may remove to federal court only state-court actions that originally could
have been filed in federal court.  28 U.S.C. § 1441(a) (2011); *Caterpillar, Inc. v. Williams*, 482
U.S. 386, 392 (1987).  A case could have originally been filed in federal court if the court has
diversity jurisdiction or federal-question jurisdiction over the case. 28 U.S.C. § 1331 (1980); 28
U.S.C. § 1332 (2011); *Caterpillar*, 482 U.S. at 386.  There is a "strong presumption against
removal," however, and the defendant has the "burden of establishing that removal is proper."
*Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation
omitted).

Diversity jurisdiction may form the basis for removal, and it is generally determined from
the face of the complaint.  *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986).
But an action is not removable based on diversity jurisdiction if the action was originally brought
in the forum state where one or more of the defendants reside.  28 U.S.C. § 1441(b)(2); *Lively v.
Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).  This is known as the "forum defendant
rule."  *Lively*, 456 F.3d at 939.  If a defendant removes an action in violation of the forum
defendant rule, the action may be remanded to state court if the plaintiff moves to remand the
action within thirty days of its removal to federal court.  *Id.* at 940.

Federal-question jurisdiction may also form the basis for removal.  Federal-question
jurisdiction "exists only when a federal question is presented on the face of the plaintiff's
properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392 (explaining that this "rule makes the
plaintiff the master of the claim," allowing her to "avoid federal jurisdiction by exclusive

reliance on state law"). Thus, in order for this Court to have subject matter jurisdiction based on federal-question jurisdiction, the federal question must be presented by the plaintiff's complaint as it existed at the time of removal by the defendant. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1988). A "federal question alleged in the defendant's third-party claim does not, in and of itself, confer jurisdiction upon the federal court" and federal jurisdiction does not exist simply because a "federal question has been raised as a matter of defense or as a counterclaim." *Id.* at 372 (citation omitted); *see also Burke v. Ortmayer*, No. CV-04-1610-HU, 2004 WL 2966915, at *3 (D. Or. Dec. 20, 2004), *report and recommendation adopted*, No. 04-1610-HU, 2005 WL 433485 (D. Or. Feb. 24, 2005).

Here, it is clear from the face of the Bank's Complaint that this action was improperly removed to federal court. This action cannot be removed on the basis of diversity jurisdiction. Although there may be complete diversity among the parties, Defendant Barker is a citizen of Oregon. Thus, removal of this action by Defendant Barker violates the forum defendant rule. Additionally, federal-question jurisdiction is not evident on the face of the Bank's Complaint, which only alleges state-law causes of action. While Defendant Barker alleges various federal counterclaims and claims against third-party defendants, including those against federal entities, such claims cannot form the basis for federal-question jurisdiction because they were not presented in the Bank's Complaint as it existed at the time of removal. While FDIC, Federal Bank of New York, and Federal Bank of San Francisco may question Oregon's jurisdiction over them, that is an issue they will have to resolve with Multnomah County Circuit Court.

//

//

3 – OPINION AND ORDER

Accordingly, Plaintiff's Motion to Remand to State Court [9] is GRANTED and it is ORDERED that the above-captioned matter be REMANDED to the Multnomah County Circuit Court.

DATED this __14th__ day of December, 2016.


/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
Chief United States District Judge